IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA M. KING, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1293-JWL |
| NANCY A BERRYHILL,[1] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's "Motion to Alter or Amend Judgment" made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 30). The motion was filed on January 12, 2017, twenty-eight days after the court filed the judgment which the motion seeks to set aside or amend. Compare (Doc. 30) (filed January 12, 2017) with (Doc. 29) (filed December 15, 2016). The Acting Commissioner (hereinafter Commissioner) has responded in opposition to the motion, and argues that the motion should be denied. (Doc. 32) (hereinafter Comm'r Response). Plaintiff filed her reply on February 3, 2017 (Doc. 33) (hereinafter Reply), and the motion is ripe for

---

[1] On Jan. 20, 2017, Nancy A. Berryhill, became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

decision.  The court has reviewed the parties' arguments, the pleadings, the administrative record, the court's order upon which judgment was entered, and the applicable law, and determines that Plaintiff's motion shall be denied.  Neither parties' briefing addresses the proper bases to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), nor the legal standard to be applied when considering such a motion.  That is where the court will begin.

"Rule 59 provides the mechanism by which a court can (1) set aside a verdict and order a new trial; or (2) reconsider a prior entry of judgment."  Fed. R. Civ. P. 59 (practice commentary - overview).  Sections (a) through (d) concern procedures to set aside a verdict and order a new trial, and section (e) provides for a motion to alter or amend a judgment.  Because there was no trial, and hence no verdict in this case, Rule 59, sections (a) through (d) are not applicable here.  Judgment, however, was entered in this case on December 15, 2016 on the court's Memorandum and Order affirming the Commissioner's decision below.  (Docs. 28, 29).

Because Plaintiff is subject to an adverse judgment of this court, she may file a motion to alter or amend that judgment pursuant to Fed. R. Civ. P. 59(e).  VanSkiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  The motion must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).

The three grounds that justify reconsideration under Rule 59(e) are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v.

Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff does not argue a change in controlling law and does not attempt to present new evidence, so the court considers his motion as an attempt to argue clear error or manifest injustice.  A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts that were available at the time of the original application.  Paraclete, 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing"). However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e).  See Van Skiver, 952 F.2d at 1244.

In this case, Plaintiff met the time limitation under Rule 59 by filing her motion twenty-eight days after the entry of judgment.  However, Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the court's Judgment, or Memorandum and Order.  In the memorandum supporting her motion, Plaintiff argues that the court (and the Administrative Law Judge (ALJ)) misunderstood the evidence, weighed the evidence wrongly, and reached an erroneous conclusion with regard to the evidence.  (Doc. 31). But, Plaintiff does not argue that the court misapplied the law applicable to judicial

3

review of the Social Security Administration's decision, and she does not argue that the court misunderstood the arguments made in her Social Security briefing.  But, as the Commissioner argued, her "motion constitutes merely a reiteration of her previous contentions and as such [is] merely an invitation to the court to impermissibly reweigh the evidence in these regards."  (Comm'r Response 1).  A motion to reconsider is not the proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Paraclete, 204 F.3d at 1012.  It is clear that Plaintiff disagrees with the final decision of the Commissioner below, and with the court's determination that the Commissioner's decision is supported by the record evidence.  The place to advance those arguments is with the Tenth Circuit Court of Appeals.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 30) is Denied.

Dated this 8th day of February 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**