## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LISA M. KING,                 )
                                  )
             **Plaintiff,**     )
                                   )     **CIVIL ACTION**
**v.**                          )
                                   )     **No. 15-1293-JWL**
**NANCY A. BERRYHILL,[1]**     )
**Acting Commissioner of Social Security,**     )
                                   )
             **Defendant.**     )

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2). (Docs. 40, 41). The Acting Commissioner of the Social Security Administration (hereinafter Commissioner) has filed her Response, Plaintiff has filed a Reply, and the matter is ripe for decision.

### I.    Background

On December 15, 2016, the court issued a Memorandum and Order affirming the April 29, 2014 decision of the Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits. (Doc. 28). Judgment was entered the same

---

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

day.  (Doc. 29).  Plaintiff filed a motion to alter judgment pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure on January 12, 2017, which the court denied as

unjustified on February 8, 2017.  (Docs. 30, 34).  Plaintiff appealed pro se on April 10,

2017, and the appeal was dismissed for lack of prosecution by the Tenth Circuit on

August 3, 2017.  (Docs. 35, 39).  On January 26, 2018, Plaintiff's former counsel filed

the Motion for Relief from Judgment at issue.  (Doc. 40).

## II.    Discussion

As relevant here, Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b).

Fed. R. Civ. P. 60(b)(1-2).

A court should grant relief under Rule 60(b) only in exceptional circumstances and

the movant "must overcome a higher hurdle to obtain relief from a post-judgment motion

than on direct appeal from a judgment."  Dronsejko v. Thornton, 632 F.3d 658, 670 (10th

Cir. 2011) (quoting LaFleur v. Teen Help, 342 F.3d 1145, 1153 (10th Cir. 2003).

> Rule 60(b)(1) provides for reconsideration of judgments only where:  (1) a
> party has made an excusable litigation mistake or an attorney in the
> litigation has acted without authority from a party, or (2) where the judge
> has made a substantive mistake of law or fact in the final judgment or
> order.

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).

2

When the mistake alleged is a party's litigation mistake, the court will deny relief where the mistake was the result of a deliberate and counseled decision of the party.  Id. 98 F.3d at 577.  "Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of h[er] deliberate acts."  Id.

> To be eligible for relief under Rule 60(b)(2), the moving party must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result."

Dronsejko, 632 F.3d at 670 (quoting Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005)).

### A.    Rule 60(b)(1)

Plaintiff argues that a mistake under Rule 60(b)(1) is established because Plaintiff was pursuing a new Social Security disability application, represented by an attorney different than counsel before this court when she discovered the new evidence at issue under Rule 60(b)(2), and that attorney misinformed her "that this new medical development could not be used in the present federal appeal of her case based on her original application."  (Doc. 41, p.3) (hereinafter Pl. Mem.)  She argues that counsel in this case was without knowledge of the new medical evidence when he filed his Rule 59 motion.[2]  Nevertheless, although Plaintiff did not understand the legal consequences of

---

[2] Rule 60(b)(2) refers to the time for filing a motion for new trial pursuant to Rule 59(b), but the motion filed in this case was a motion to amend judgment pursuant to Rule 59(e). Neither party addresses this ambiguity.  Therefore, the court will assume it makes no difference here.

her decision not to inform counsel in this case of the newly discovered evidence, it was a deliberate, counseled decision, and as such cannot provide the "exceptional circumstances" to justify relief from judgment pursuant to Rule 60(b)(1).  Cashner, 98 F.3d at 577.

### B.     Rule 60(b)(2)

The newly discovered evidence presented by Plaintiff to justify relief from judgment consists of four exhibits attached to her memorandum in support of her motion for relief from judgment.  (Pl. Mem., Attachs. 1-4).  The first is an affidavit from Plaintiff affirming that she never received relief from her 2012 surgery, that she saw Dr. Burton on January 3, 2017, and he told her she did not heal and the fusion did not take in her 2012 surgery.  (Pl. Mem., Attach. 1).[3]  It was in this affidavit that Plaintiff also explained she was informed by her second attorney that she would not be able to use the newly discovered evidence in her litigation before this court.  The second exhibit is an affidavit from counsel in this case affirming that he first discovered that Plaintiff's 2012 surgery failed and her back did not fuse, on March 10, 2017, and explaining his diligence in securing the newly discovered evidence.  (Pl. Mem., Attach 2).  The third is the medical record of Plaintiff's visit with Dr. Burton on January 3, 2017.  (Pl. Mem., Attach 3).  And, the fourth is an affidavit from Dr. Burton affirming that Plaintiff's fusion surgery in 2012 failed, and explaining his bases for that finding.  (Pl. Mem., Attach 4).

---

[3] The first page of Plaintiff's affidavit is missing from attachment 1 to Plaintiff's memorandum, but Plaintiff included the entire affidavit as an attachment to her reply memorandum.  (Doc. 45, Attach. 1).

4

As the Commissioner argues, Rule 60(b) "prescribes the practice in proceedings to obtain relief" from judgment. Fed. R. Civ. P. 60(b) (advisory committee note to 1946 amendment). Applicable substantive law still determines the grounds for vacating the judgment. Id. In this case, 42 U.S.C. § 405(g) is the substantive law regarding judicial review of a decision of the Commissioner. That statute provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Alternatively, sentence six of the statute provides that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six).

The Commissioner argues that Plaintiff did not request a sentence six remand and that the court should deny her motion on that basis alone. (Doc. 44, p.2) (hereinafter Comm'r Response). As Plaintiff argues in her reply brief, although she did not mention

5

sentence six in her request for relief, she sought remand for further proceedings in light of the newly discovered evidence.  (Doc. 45, p.1) (hereinafter Pl. Reply).  This provides no basis to deny Plaintiff's motion.  The very essence of a request for relief from judgment on the basis of newly discovered evidence when relying on Rule 60(b)(2) in a Social Security disability case is an implicit request for remand pursuant to sentence six of the statute for consideration of the new evidence, because the court is without jurisdiction to consider evidence not already in the administrative record.

Nonetheless, the court finds that it must deny Plaintiff's motion because she has not demonstrated "that there is good cause for the failure to incorporate such evidence into the record" before the Commissioner.  42 U.S.C. § 405(g) (sentence six).  Plaintiff argues that she did not discover the new evidence until January 3, 2017, which was admittedly too late to get the evidence before the Commissioner in this case, or even to get the evidence before this court in its consideration of Plaintiff's Rule 59 motion.  However, had Plaintiff or counsel exercised due diligence the new evidence could have been discovered and placed in the record before the Appeals Council denied review on July 26, 2015, before the ALJ issued her decision on April 29, 2014, and even before the ALJ hearing on January 23, 2014.

Dr. Burton's medical records do not provide "new" evidence that Plaintiff's 2012 spine fusion surgery did not take or even that there was loosening around the S1 screws.  Rather, it shows that Dr. Burton performed and interpreted "PA and lateral scoliosis films" on that date and reviewed "an MRI from October 2016," and a "CT myelogram done in October 2013."  (Pl. Mem., Attach. 3, p.3).  His interpretation of the "scoliosis

films" revealed "pedicle screw instrumentation from L4 to S1 [and] a single L5 screw on the left," the 2016 MRI showed "healthy-appearing discs at L3-4 and above [and] [n]o evidence of stenosis at any level," and the October 2013 CT myelogram showed "loosening around bilateral S1 screws." <u>Id.</u>  None of the imaging reviewed by Dr. Burton conclusively demonstrated that Plaintiff did not develop a solid fusion after her 2012 spine surgery.  Even after reviewing this imaging, Dr. Burton did not rule out the possibility that Plaintiff had a solid fusion, because he based his "Plan" on the possibility "<u>even if</u> she developed a solid fusion," and his "Impression" was only "[p]robable pseudoarthrosis." <u>Id.</u> (emphases added).

Moreover, the only newly discovered "fact" revealed in Dr. Burton's review of the imaging which supports his opinion (that Plaintiff <u>did not</u> develop a solid fusion after her 2012 surgery) was his opinion that the 2013 CT myelogram showed loosening around the S1 pedicle screws.  In his affidavit, Dr. Burton opines that in 2012 Plaintiff's fusion failed--that "[i]t did not heal to become solid."  (Pl. Mem., Attach. 4, p.1).  He provides three bases for reaching that conclusion, all based upon the October 16, 2013 CT myelogram:  it showed "loosening around the bilateral S1 screws," <u>id.</u>, it showed "the appearance of endplate sclerosis," and although "fusion material was placed at the time of the surgery," the myelogram did not show "bridging bone from one vertebra to the next." <u>Id.</u> at 2.

However, the results of the October 16, 2013 CT myelogram were a part of the record before the ALJ in this case.  (R. 580-83).  And they were specifically relied upon by the ALJ in finding Plaintiff not disabled.  (R. 19); <u>see also</u>, (Doc. 28, pp.11-12) (M&O

in this case discussing the ALJ's decision).  Moreover, as Dr. Burton specifically acknowledged, "the radiologist who read the 2013 CT myelogram saw nothing remarkable about the S1 pedicle screws."  (Pl. Mem., Attach. 4, p.2).  The only "newly discovered evidence" as it relates to this case is the medical opinion of Dr. Burton, which is admittedly contrary to the medical opinion of the radiologist who read the myelogram in the first instance.  Plaintiff has not presented a new discovery that there was no fusion after the 2012 surgery, rather she presents evidence that an individual doctor is of the opinion that there was no fusion after that surgery.

If Plaintiff had desired to secure such an opinion, she could have done so long before she did, because, as she admits she did not see Dr. Burton until "[a]fter moving closer to the Kansas City, Kansas area, [she] saw a doctor, who referred" her to Dr. Burton.  (Pl. Reply, Attach. 1, p.1).  The purpose of Rule 60(b) is to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d. Cir. 1986).  To allow a plaintiff relief from judgment in a Social Security disability case whenever she is able to secure a medical opinion contrary to the opinions of record, would assure endless litigation and destroy the concept of finality of judgment in such cases.

Plaintiff has not shown exceptional circumstances in this case justifying relief from judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Judgment (Doc. 40) is DENIED.

Dated March 16, 2018, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**